## JOHN M. BEAVERS *v.* CHARLES M. SPINKS.

PATENT. *Jurisdiction.*

State courts have jurisdiction over questions arising out of contracts made concerning patent rights, except in cases involving the validity or infringement of a patent.

FROM the chancery court of Lauderdale county.

HON. NATHAN C. HILL, Chancellor.

Beavers, appellant, was complainant in the court below; Spinks, appellee, was defendant there. The suit arose out of a contract concerning a certain device for which a patent

to Beavers was pending in the United States patent office, by which Beavers granted to Spinks the exclusive agency within certain territory for the manufacture and sale of the device. Beavers filed his bill in the chancery court against Spinks, charging violations of the contract, and praying for its cancellation. Spinks demurred to the bill for want of jurisdiction. The court below sustained the demurrer and dismissed the bill, and complainant appealed to the supreme court.

*Ethridge & McBeath,* for appellant.

The demurrer is for want of jurisdiction, on the ground that the contract is one arising out of and affecting a patent right, and therefore the state courts have no jurisdiction. Defendant relies upon the section of the statutes of the United States upon the question of jurisdiction in the matters of patent rights. This section has application only to matters which go to the validity of patents, and does not apply to contracts concerning patents. Spinks did not set up any claim to the patent right other than the rights he acquired under the contract pleaded, and was nothing more than a licensee. The instrument conveyed no title, was not an assignment even; it was an instrument that could be terminated by mutual consent, or by Beavers if Spinks failed to comply with the agreement in any respect. The state court was not only the proper court to apply to for the relief sought, but the only court in which complainant could obtain this relief; the United States courts could only entertain jurisdiction over patent rights in cases of infringements of patents, and in cases which affect the validity of a patent itself. Slemmer's Appeal, 98 Am. Dec., 248; *Ingall* v. *Tice,* 14 Fed. Rep., 352; 99 U. S., 547; 10 Am. & Eng. Enc. L. (new ed.), 70, and notes.

Woods, C. J., delivered the opinion of the court.

The rights of the parties to this suit rest upon contract, and do not arise by reason of any law of the United States. None

of the questions presented by complainant's bill affect the validity of the patent or call in controversy any infringement of it. The law as to jurisdiction is stated correctly in the text of the 18th vol. Am. & Eng. Enc. L., page 70: "State courts have exclusive jurisdiction over questions arising out of contracts made concerning patent rights." In such cases only contract rights are to be adjudicated. The converse of the rule just referred to is well recognized, and the state courts are without jurisdiction in cases involving the validity or infringement of a patent, for the reason that the questions in such cases arise under the patent laws of the United States, and are cognizable only in the courts of the United States.

The authorities, state and federal, are cited in the volume of the Am. & Eng. Enc. L. above referred to.

*Decree reversed, demurrer overruled, and cause remanded with leave to answer within thirty days after mandate filed.*